# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

ANGELA M. GRAY,

          Plaintiff,

v.                          CIVIL ACTION NO. 5:10-cv-00979

CHASE BANK USA, N.A.,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff, Angela M. Gray, brings this action pursuant to the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code §§ 46A-1-101, *et seq*., against Defendant Chase Bank USA, N.A. ("Chase") for Defendant's alleged unlawful and tortuous actions in attempting to collect a debt from Plaintiff through the use of multiple telephone calls and mail forwarded to her residence by the United States Postal Service.

The Court has reviewed *Defendant Chase Bank USA, N.A.'s Motion for Summary Judgment* ("Def.'s Mot.")(Document No. 21). Upon consideration of the motion, memoranda in support thereof and in opposition thereto (Document Nos. 22, 30, 32), attached exhibits, and the entire record, the Court, for the reasons stated herein, finds that Defendant's motion should be granted in part.

*I.*

On March 20, 2006, and June 19, 2007, Plaintiff opened two personal credit card accounts with Chase. (*See* Def.'s Ex. A., Affidavit of Evelyn L. Ford ("Ford Aff.") (Document No. 21-1), ¶ 2; Def.'s Ex. B., Plaintiff's Responses to Defendant Chase Bank USA, N.A.'s First Set of Interrogatories and Requests for Production ("Pl.'s Resp.") (Document No. 21-2), ¶ 13.) At some point thereafter, Plaintiff's account with the Defendant was in arrears and Defendant began engaging in collection efforts through the use of telephone calls and the United States Mail. (Compl. (Document No. 1-1), ¶ 5.) On November 20, 2009, Plaintiff retained counsel "to represent Plaintiff's interest in connection with consumer indebtedness on which [she] had become in arrears." (*See* Compl. ¶ 6; Pl.'s Resp. ¶ 6.) On December 2, 2009, Plaintiff received a telephone call from the Defendant during which she provided the name and telephone number of her attorney and indicated that she did not want to receive any additional telephone calls concerning her account with Chase. (Pl.'s Resp. ¶ 1; Ford Aff. ¶3;) She directed that all further inquiries be directed to her attorney. (Pl.'s Resp. ¶ 1.) In the ordinary course of its business, Defendant maintains contemporaneous notations with respect to "the substance of a conversation or the outcome of a call" and matters "relating to attempted calls[.]" (Ford Aff., ¶ 6, 7,11.) Notwithstanding having been advised that Plaintiff was represented by counsel regarding her alleged indebtedness, Defendant continued to engage in collection efforts against Plaintiff. (Compl. ¶ 8; Pl.'s Resp. ¶ 1; Def.'s Ex. B. at 15-17.)

On June 10, 2009, Plaintiff initiated a civil action in the Circuit Court of Raleigh County, West Virginia. In her Complaint, Plaintiff alleges that Defendant engaged in repeated violations of the WVCCPA by: (a) engaging in unreasonable, oppressive or abusive conduct by placing telephone calls to her residence in violation of Section 46A-2-125; (b) causing [her] phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual

times or at time known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of Section 46A-2-125(d); (c) using unfair or unconscionable means to collect a debt in violation of Section 46A-2-128(e) by communicating with her after it appeared that she was represented by an attorney and the attorney's name and address were known or could be easily ascertained; and (d) failing to clearly disclose the name of the business entity making a demand for money upon Plaintiff's indebtedness in violation of Section 46A-2-127 (a) and (c). (Compl. ¶ 12.) In Counts Two through Four, Plaintiff asserts claims for common law negligence, intentional infliction of emotional distress ("I.I.E.D.") and common law invasion of privacy, respectively. (*Id.*, ¶¶ 14-26.)[1]

Defendant removed the case to this Court on August 2, 2010, alleging that this Court had jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal (Document No. 1), ¶ 4, *Gray v. Chase Bank USA, N.A.*, Civil Action No. 10-C-447-K.) Plaintiff did not challenge the removal. Pursuant to this Court's scheduling order and upon the completion of discovery, Defendant timely filed the instant dispositive motion.

*II.*

The well established standard in analyzing a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);

---

[1] Plaintiff seeks actual damages for the past and future violations of the WVCCPA, statutory damages in the maximum amount authorized by WV Code § 46A-5-106, costs of litigation, general damages for past and future negligence, as well as, general and punitive damages for past and future conduct as alleged in her claims for intentional infliction of emotional distress and invasion of privacy.

*Anderson v. Liberty Lobby, Inc.*, 477 U .S. 242, 247 (1986). Rule 56 of the Federal Rules of Civil Procedure requires that,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. (c)(1). A "material fact" is a fact that might affect the outcome of a party's case. *See Anderson*, 477 U.S. at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Id.*

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). However, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, an evidentiary showing sufficient to establish that element. *Celotex*,

477 U.S. at 322-23. If the nonmoving party fails to make a showing sufficient to establish the existence of an essential element, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23. If factual issues exist that can only be resolved by a trier of fact, because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.

*III.*

Defendant moves for summary judgment as to each of Plaintiff's claims. With respect to the WVCCPA claims, Defendant argues that Plaintiff has failed to: (1) prove that the WVCCPA applies to her claims; (2) present evidence, pursuant to Section 125 of the WVCCPA, that Defendant used profane or obscene language, withheld its identity, caused her to incur an expense for long distance or telegram fees, or that caused her telephone to ring repeatedly or continuously with the intent to annoy, abuse, oppress, or threaten her or any person at the called number; and (3) demonstrate that Chase representatives failed to disclose that they were calling her on behalf of Chase, pursuant to Section 127. Defendant also argues that Plaintiff's Section 128(e) claims are preempted by the National Bank Act. Finally, Defendant contends that it is entitled to summary judgment as to Plaintiff's common law claims. Defendant argues that Plaintiff's negligence claim fails because it owes no duty to Plaintiff; she failed to present evidence supporting each element of her intentional infliction of emotional distress claim, and her invasion of privacy claim is defeated because she provided her telephone number to Chase. (*See* Defendant's Memorandum of Law in Support of Defendant Chase Bank USA, N.A.'s Motion for Summary Judgment ("Def.'s Mem.") (Document No. 22.))

5

In opposition, Plaintiff withdrew her common law claims of negligence and I.I.E.D, as well as, all claims asserted pursuant to WV Code 46A-2-127. However, Plaintiff persists in her claims that Defendant: caused her telephone to ring or engaged in telephone conversations repeatedly or continuously or at unusual times, in violation of Section 125(d), continued to communicate with her after it appeared that she was represented by counsel, in violation of Section 128(e), and invaded her privacy. Plaintiff argues that Defendant placed six hundred twelve (612) calls to her during the months of August through November 2009. She contends that Defendant's intent to "annoy, abuse, oppress, or threaten," as provided for in Section 125(d), can be inferred from the volume of calls. Plaintiff also argues that although Defendant ceased its telephone calls to Plaintiff at the point it appeared she was represented by counsel, it pursued collection of her account by having a law firm, specializing in collection, call and send her collection letters. Finally, Plaintiff asserts that providing a creditor a telephone number does not give that creditor the licence to place six hundred twelve (612) calls to her or to violate state criminal statues proscribing harassing phone calls. (*See* Plaintiff's Response to Defendant's Motion for Summary Judgment ("Pl.'s Oppn.") (Document No. 30.))

In its Reply, Defendant maintains that it is entitled to summary judgment as to each of Plaintiff's claims. Defendant also asserts that the Court should refuse to consider Plaintiff's opposition because it was filed five (5) days outside of the deadline established in the Court's Scheduling Order. Defendant argues that Plaintiff has produced, for the first time, copies of handwritten notes of communications she allegedly received from Chase. Defendant contends that the Court should not consider these documents and sanction Plaintiff for failing to produce these

6

documents in discovery. (*See* Defendant Chase Bank USA, N.A.'s Reply Brief in Support of Its Motion for Summary Judgment ("Def.'s Reply") (Document No. 32.))

*IV.*

As an initial matter, the Court declines Defendant's request to strike Plaintiff's untimely response to its motion. Although the record is clear that Plaintiff's opposition was filed untimely, the Court will consider the submission in an effort to resolve the matter on the merits and in the interest of justice.

*(A) Statutory Claims*

"The WVCCPA is a 'comprehensive consumer protection' law that incorporates elements of the Uniform Consumer Credit Code, the National Consumer Act, and older West Virginia statutes." *Countryman v. NCO Financial System, Inc*., Civil Action No. 5:09-cv-0288, 2009 WL 1506720, at *2 (S. D.W. Va. 2009) (Johnston, J.) (quoting *Cadillac v. Tuscarora Land Co.,* 412 S.E.2d 792, 794 (W.Va.1991)). The WVCCPA places "restrictions on the manner in which debt collectors may attempt to collect debts." (*Id*.) To that end, the Court has reviewed the parties' respective written submissions and finds that in Plaintiff's four page opposition she has not substantively addressed several of Defendant's assertions. Notably among them, Plaintiff does not challenge or contest Defendant's contention that she has failed to demonstrate that the WVCCPA applies to her claim. Defendant asserts that the WVCCPA defines a "consumer" under the act as "a natural person who incurs debt pursuant to a consumer credit sale or a consumer loan, or debt or other obligations pursuant to a consumer lease." (W. Va. Code § 46A-1-102(12)). Defendant argues that for the debt to qualify in this instance, it must be entered into "primarily for a personal, family, household or agricultural purpose." (*See* W. Va. Code §§46A-1-102(13-15)). These "General

7

Definitions" were provided by the WVCCPA "[i]n addition to those definitions appearing in subsequent articles" in Chapter 46A. (W. Va. Code § 46A-1-102.) In Article 2, Section 122, the WVCCPA sets forth another definition for the term "consumer" which is "[f]or the purposes of . . . sections one hundred twenty-five . . . [and] one hundred twenty-eight[.]" (W. Va. Code § 46A-2-122. In that Article, the WVCCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt[.]" (W. Va. Code § 46A-2-122(a)). Moreover, Section 46A-2-122(b) defines a "claim" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment."

In this case, Plaintiff challenges Chase's attempt to collect on a claim alleged to be due and owning in two credit card accounts. The specific statutory provisions at issue in this case, Section 125(d) and 128(e), are both governed by the aforementioned definitions. Therefore, Plaintiff has a burden to prove that the debt or claim Chase is attempting to collect was for personal, family or household purposes. Defendant, in its motion, contends that Plaintiff has not asserted any evidence that her debts were incurred for such purposes. The Court has reviewed the exhibits attached to Plaintiff's opposition and those presented by the Defendant and finds no evidence attesting to the fact that the debt incurred in this instance was for personal, family or household purposes. Therefore, for the purposes of this motion, the Court finds this matter to be undisputed. Given the simple manner in which this evidence could have been demonstrated, Plaintiff's failure to address Defendant's argument is intriguing. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of her case and does not make, after adequate time

8

for discovery, an evidentiary showing sufficient to establish that element. *Celotex*, 477 U.S. at 322-23. If the nonmoving party fails to make a showing sufficient to establish the existence of an essential element, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." (*Id.*) Inasmuch as Plaintiff does not dispute that there is no evidence before the Court to demonstrate that the WVCCPA applies to her claims, the Court finds that Defendant is entitled to summary judgment as to Plaintiff's statutory claims.[2]

### (B) Invasion of Privacy

The Supreme Court of Appeals of West Virginia has adopted the four types of invasion of privacy claims as enumerated in the Restatement (Second) of Torts, §§ 652A-652E (1977). Invasion of privacy claims can arise by: (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public. *O'Dell v. Stegall* 703 S.E.2d 561, 594 (W. Va. 2010) (citing *Crump v. Beckley Newspapers, Inc.,* 320 S.E.2d 70 (1984)). There appears to be no dispute that Plaintiff's allegation falls within the ambit of the first type of claim. An "[u]nreasonable intrusion upon another's seclusion occurs when '[o]ne ... intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or [her] private affairs or concerns, . . . if the intrusion would be *highly offensive to a reasonable person.*'" *Harbolt v. Steel of West Virginia, Inc.* 640 F.Supp.2d 803, 817 (S.D. W. Va. 2009) (quoting Restatement (Second) of Torts § 652B) (emphasis supplied). Plaintiff, in Count Four of

---

[2] As a result, the Court need not make any further findings with respect to the balance of Defendant's challenges of Plaintiff's statutory claims.

her Complaint, appears to allege that Defendant intruded upon her seclusion by continuously placing telephone calls to her, causing her to suffer emotional distress, and to become "annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress." (Compl., ¶¶ 23-26.) In its motion, Defendant argues that Plaintiff identified only the use of one telephone number which was to a cell phone. Defendant contends that Plaintiff's claims fail because she has not produced evidence that she was within her home or other private place where she received the calls. Defendant also argues that it "could not have invaded Plaintiff's privacy as Plaintiff voluntarily, knowingly and willingly provided [her] phone number to Chase to use in relation to the account." (Def.'s Mem. at 15.) Plaintiff does not dispute that she provided Defendant with her telephone number, but argues that such provision does not permit a creditor to place six hundred twelve (612) calls to her in less than four months and to violate state criminal statues proscribing harassing phone calls. Defendant, in its reply, maintains that it was entitled to communicate with Plaintiff regarding her debt.

The Court finds that there is no dispute as to any material fact that Defendant did attempt to make telephone calls to Plaintiff. While Chase disputes the contention that it made six hundred twelve (612) calls to Plaintiff, by its own admission, it made five hundred ninety four (594) calls to her between August 6, 2009, and December 2, 2009. (Pl.'s Reply at 6) (explaining with respect to Account No. 1337, it placed 353 calls to Plaintiff between August 6, 2009, and November 7, 2009, and on Account No. 6231 and 241 attempted calls were made between August 18, 2009, and December 2, 2009). The Court observes that the large portion of these calls occurred prior to December 2, 2009, when Plaintiff provided notice to Defendant that she had obtained counsel to represent her interest on her accounts and presumably asked Defendant to cease making telephone

10

calls, to her, regarding the debt. Defendant attempts to minimize its conduct by arguing that in the five hundred ninety four (594) calls made to Plaintiff, it only spoke to her on four (4) occasions (*Id.*) (identifying these dates as August 25, 2009, September 2, 2009, and October 7, 2009, with respect to Account No. 1337, and on December 2, 2009, for Account No. 6231). Defendant maintains that its actions were reasonable in that it was attempting to reach Plaintiff to collect on a debt owed by her. The Court finds that the determination of whether a debt collector's attempts to reach a person five hundred ninety four (594) times in less than four (4) months would be *highly offensive to a reasonable person* is subject to a jury determination, where, as here, the calls were made prior to Plaintiff advising Defendant that she was represented by counsel. Moreover, this Court finds that Defendant's assertion, that its actions were appropriate, lacks merit inasmuch as it seemingly argues that a person can waive their right to privacy by the mere placement of contact information on a credit application. Permitting unfettered communications solely because a debtor provided contact information with a creditor would conflict with the aims of securing to a person the right to be free from unreasonable intrusions. The Court finds that there exist genuine issues of material fact as to whether these calls presented *an unreasonable intrusion upon the Plaintiff's seclusion*. Therefore, Defendant is not entitled to summary judgment as to this claim.

## V. CONCLUSION

Based on the foregoing, the Court does hereby **ORDER** that *Defendant Chase Bank USA, N.A.'s Motion for Summary Judgment* (Document No. 21) be **GRANTED IN PART AND DENIED IN PART**. Inasmuch as Plaintiff has not presented evidence that the WVCCPA applies to her statutory claims, the Court **ORDERS** that summary judgment be **GRANTED** on these claims. Further, given the Plaintiff's voluntary withdrawal of Counts Two and Three of the Complaint, the


Court **ORDERS** that those claims be **DISMISSED**.  However, genuine issues of material fact exists as to  whether Defendant unreasonably intruded on the Plaintiff's seclusion.  Therefore, the Court **ORDERS** that Defendant's motion as to  Count Four of  Plaintiff's Complaint  be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:	October 7, 2011

*[signature: Irene C. Berger]*

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA